**Birahima DOUCOURE, also known as Brahema Doucoure, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 06–4616–ag.

United States Court of Appeals, Second Circuit.

Aug. 13, 2007.

Theodore Vialet, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul E. Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Birahima Doucoure, a citizen of Mauritania, seeks review of a September 12, 2006, order of the BIA affirming the November 8, 2004, decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, with-

holding of removal and relief under the Convention Against Torture ("CAT"). *In re Birahima Doucoure*, No. A95 846 426 (B.I.A. Sept. 12, 2006), *aff'g* No. A95 846 426 (Immig. Ct. N.Y. City, Nov. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Because Doucoure does not meaningfully challenge the denial of his asylum application on timeliness grounds, and because addressing that denial does not appear to be necessary to avoid manifest injustice, we deem waived any argument pertaining to Doucoure's asylum claim. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Eligibility for withholding of removal and relief under the CAT are not subject to the one-year bar and must be considered regardless of the timeliness of the initial asylum application. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 332 (2d Cir.2006). Nevertheless, we deny the petition for review because the IJ's adverse credibility determination was supported by substantial evidence.

In his decision, the IJ noted two material inconsistencies between Doucoure's hearing testimony and his asylum interview, I–589 form, and supplemental affidavit. First, although Doucoure wrote in his I–589 form that there was one white Arab who came to take his family farm, and stated the same in his supplemental affidavit and asylum interview, he later testified at his merits hearing that there were eleven white Arabs. Second, at Doucoure's asylum interview, he stated that he escaped from the prison by piling bricks against the wall while the guards were distracted, but in his merits hearing testified that he was able to get over the wall because of holes between the bricks in the wall. As these inconsistencies bore directly on whether the purported land seizure ever occurred or whether Doucoure was ever detained and beaten, and thus upon whether he experienced past persecution or had a wellfounded fear of future persecution, the adverse credibility determination was based upon a "specific, cogent reason" bearing a "legitimate nexus" to the finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted). Doucoure attempted to explain these discrepancies by stating that the interpreter at the asylum hearing had not understood him. But given that the assertion of the presence of a single white Arab occurred not only in the asylum interview but also in Doucoure's I–589 form and supplemental affidavit, only to be later contradicted by his hearing testimony, a reasonable adjudicator would not be compelled to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also found implausible Doucoure's claim that he was able to escape from jail because his guards were distract-

ed by independence day celebrations. In *Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006), the petitioner testified, as Doucoure does here, that she escaped when the guards were not paying attention. We found it "entirely reasonable" in that case for the IJ to have deemed the petitioner's claim implausible without elaborating upon his reasons and to have relied upon this implausibility, along with inconsistencies in the petitioner's testimony, to find the petitioner incredible. *Id.* The IJ's similar inference here is sustainable "viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007).

Because the only evidence of a threat to Doucoure's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, because the only evidence that Doucoure was likely to be tortured depended upon his credibility, the adverse credibility determination necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED.